ELIZABETH A. WOLFORD, United States District Judge
BACKGROUND
Plaintiff Nationstar Mortgage LLC ("Plaintiff") commenced this action on December 20, 2016, pursuant to Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL"), to foreclose a mortgage encumbering 573 Bay Road, Webster, New York 14850, together with the land, buildings, and other improvements located on the property ("Property"). (Dkt. 1 at ¶ 1). Defendants Eric L. Atanas, also known as Eric Atanas, and Kathleen M. Pink, also known as Kathleen Pink (collectively, "Defendants"), have not appeared in this action. (Dkt. 8). On March 16, 2017, Plaintiff filed a motion for a default judgment and for foreclosure and sale of the Property. (Dkt. 9; see Dkt. 10). On May 23, 2017, the Court denied that motion without prejudice and granted Plaintiff the opportunity to file a renewed motion for a default judgment to cure the deficiencies described therein. (Dkt. 13). On July 6, 2017, Plaintiff timely filed a renewed motion for a default judgment and for foreclosure and sale of the Property. (Dkt. 16; see Dkt. 17; Dkt. 18). The Court issued a motion scheduling order the same day, setting a briefing schedule and directing Plaintiff to serve that order and Plaintiff's motion papers upon Defendants. (Dkt. 20). On July 10, 2017, Plaintiff filed an affidavit of service, demonstrating that Plaintiff had served Defendants with the Court's motion scheduling order and Plaintiff's motion papers. (Dkt. 21). Defendants failed to answer the motion papers or otherwise appear in this action.
On January 29, 2018, the Court issued a Decision and Order granting Plaintiff's motion for a default judgment, denying Plaintiff's request for attorneys' fees, and denying Plaintiff's application for a judgment of foreclosure and sale of the Property without prejudice. (Dkt. 22). Plaintiff was granted leave to file substantiating documentation to cure the deficiencies in its motion papers regarding damages. (Id. ). The Court assumes familiarity with the factual background and procedural history of this case, as set forth in its May 23, *703 2017, Decision and Order. (See Dkt. 13 at 1-3).
Currently before the Court is Plaintiff's renewed motion for a judgment of foreclosure and sale of the Property. (Dkt. 23). For the reasons set forth below, Plaintiff's motion is granted.
DISCUSSION
I. Default Damages
"A default constitutes an admission of all well-pleaded factual allegations in the complaint, except for those relating to damages." 1st Bridge LLC v. 682 Jamaica Ave., LLC , No. 08-CV-3401 (NGG)(MDG), 2010 WL 4608326, at *3 (E.D.N.Y. July 13, 2010). "Reasonable and identifiable out-of-pocket disbursements ordinarily charged to clients are recoverable." OneWest Bank NA v. Raghunath , No. 14-CV-3310 (RJD) (MDG), 2015 WL 5772272, at *7 (E.D.N.Y. Sept. 8, 2015) (citing LeBlanc-Sternberg v. Fletcher , 143 F.3d 748, 763 (2d Cir. 1998) ), report and recommendation adopted , No. 14-CV-3310 (RJD) (MDG), 2015 WL 5774784 (E.D.N.Y. Sept. 29, 2015). "On an inquest for damages following a default, plaintiff bears the burden of proof and must introduce sufficient evidence to establish the amount of damages with reasonable certainty." RGI Brands LLC v. Cognac Brisset-Aurige, S.a.r.l. , No. 12 Civ. 1369 (LGS) (AJP), 2013 WL 1668206, at *6 (S.D.N.Y. Apr. 18, 2013) (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp. , 973 F.2d 155, 158 (2d Cir. 1992) ), report and recommendation adopted , 2013 WL 4505255 (S.D.N.Y. Aug. 23, 2013). "A party is not entitled to recover costs for which it provides inadequate substantiation." Nationstar Mortg. LLC v. Fernandez , No. 17-CV-404 (DRH) (SIL), 2017 WL 6767239, at *6 (E.D.N.Y. Nov. 21, 2017), report and recommendation adopted , 2018 WL 262837 (E.D.N.Y. Jan. 2, 2018).
"[A] court must ensure that there is an adequate basis for the damages sought by a plaintiff before entering judgment in the amount demanded." Ditech Fin. LLC v. Singh , No. 15-CV-7078 (FB) (SMG), 2017 WL 4271655, at *4 (E.D.N.Y. Sept. 6, 2017), report and recommendation adopted , 2017 WL 4233023 (E.D.N.Y. Sept. 22, 2017). "A plaintiff's statement as to the amount of damages alone does not provide the requisite reasonable certainty." RGI Brands LLC , 2013 WL 1668206, at *6. "Where, on a damages inquest, a plaintiff fails to demonstrate its damages to a reasonable certainty, the court should decline to award any damages, even though liability has been established through default." Lenard v. Design Studio , 889 F.Supp.2d 518, 527 (S.D.N.Y. 2012).
A. Plaintiff's Damages Under the Note and Mortgage
Plaintiff requests an award of damages arising under the terms of the Note and the Mortgage, and the reimbursement of costs incurred through the prosecution of this action. The original principal balance under the Note and the Mortgage was $289,389.00. (Dkt. 23-1 at 13; id. at 30). Pursuant to the terms of the Note, Plaintiff is entitled to "the full amount of Principal which has not been paid and all the interest that [Defendants] owe on that amount," as well as "all of its costs and expenses in enforcing th[e] Note to the extent not prohibited by applicable law." (Id. at 14). The Mortgage instrument provides similar language permitting the recovery of damages and costs in the event Defendants default on their loan obligations and Plaintiff commences a subsequent action to enforce the terms of the parties' agreement. (See id. at 42-43).
In its previously filed motion papers (Dkt. 18), Plaintiff submitted a Statement of Damages that sought the unpaid principal *704 balance on the Mortgage, the interest accumulated between January 1, 2016, and February 2, 2017-which accrued at an annual rate of 4.50%-and the reimbursement of various advances on insurance, taxes, property preservation, inspection, and valuation. (Dkt. 18-8 at 1). Plaintiff also sought to recover certain fees relating to the filing and service of this action, title searches, and the filing of the notice of pendency. (Id. at 2). In attempting to establish default damages under the Note and the Mortgage, Plaintiff relied almost exclusively upon the affidavit of Daphne Proctor ("Proctor"), Plaintiff's "Document Execution Specialist." (Dkt. 18-7). Proctor averred to the accuracy of the values pertaining to the unpaid principal balance, the accrued interest, and the aforesaid advances. (Id. at 2). Specifically, Proctor relied upon "computerized records" relating to the loan transaction at issue, which were kept in the regular course of Plaintiff's business. (Id. at 1-2). However, the Court rejected these submissions as insufficient evidence of the damages sought under the Note and the Mortgage. (See Dkt. 22 at 13-16).
On the present motion, Plaintiff has once again provided a Statement of Damages (Dkt. 23-1 at 146-47). Plaintiff claims that the unpaid principal balance due on the Note is $279,837.53, and that $13,676.57 in interest has accrued between January 1, 2016, and February 2, 2017. (Id. at 146). Plaintiff also indicates that it is entitled to the recovery of various disbursements and costs relating to the aforementioned advances toward insurance, taxes, property preservation, inspections, and valuation, which amount to another $12,814.63. (Id. ). As such, Plaintiff claims that the total amount due on the Note is $306,328.73. (Id. ).
Plaintiff has also submitted an affidavit from its "Document Execution Associate," Ebony White ("White"). (Dkt. 23-1 at 80). White avers to the accuracy of these values based upon his review of the computerized records created and maintained in servicing Defendants' loan. (Id. at 80-81). However, Plaintiff's instant motion papers also include those computerized loan records (see id. at 83-116), and they-along with White's affidavit-supply sufficient evidence to support the values alleged in Plaintiff's Statement of Damages, see, e.g., CIT Bank N.A. v. Seeram , No. 16 CV 2608 (RRM)(LB), 2017 WL 8220204, at *5 (E.D.N.Y. Feb. 15, 2017) (finding the damages sufficiently supported where the evidence included an affidavit from an individual with knowledge of the relevant "specific business records," and records detailing the payment history of the loan), report and recommendation adopted , No. 16 CV 2608 (RRM)(LB), 2018 WL 1308003 (E.D.N.Y. Mar. 13, 2018) ; E. Sav. Bank, FSB v. Robinson , No. 13-CV-7308 (ADS)(SIL), 2016 WL 3365091, at *5 (E.D.N.Y. May 9, 2016) (finding the damages sufficiently supported where the evidence included the affidavit of the plaintiff's "Senior Asset Manager" along with supporting documentation that provided the factual basis for the amounts requested), report and recommendation adopted , No. 13-CV-7308 (ADS)(SIL), 2016 WL 3102021 (E.D.N.Y. June 2, 2016) ; E. Sav. Bank, FSB v. Whyte , No. 13-CV-6111 (CBA) (LB), 2015 WL 790036, at *6 (E.D.N.Y. Feb. 24, 2015) (finding the damages sufficiently supported where the plaintiff submitted an affidavit that "includes the payment log and an accrued interest schedule, which details all interest that has accrued and interest that has been paid since the inception of the loan"); Wells Fargo Bank, N.A. v. Landi , No. 13-CV-5822 (RRM) (JO), 2015 WL 5655810, at *5 (E.D.N.Y. Aug. 14, 2015) (finding that "[t]he record, including the payment history of the loan, supports the request" for the unpaid principal owed on the loan), *705 report and recommendation adopted , 2015 WL 5657358 (E.D.N.Y. Sept. 22, 2015) ; E. Sav. Bank, FSB v. Rabito , No. CV 11-2501 (KAM) (VVP), 2014 WL 4804872, at *3 (E.D.N.Y. Sept. 10, 2014) (finding the damages sufficiently supported where, after the plaintiff was directed to provide supplemental documents and calculations, the plaintiff attached "a copy of the payment history in connection with the defendant's loan" to the plaintiff's affidavit), report and recommendation adopted , No. 11-CV-2501 (KAM) (VVP), 2014 WL 4804901 (E.D.N.Y. Sept. 26, 2014). The Court has engaged in an independent review of the records submitted along with White's affidavit, and concludes that the total unpaid principal balance is $279,837.53 (Dkt. 23-1 at 100), that hazard insurance and tax disbursements amount to $913.27 and $10,247.76, respectively (id. at 96, 98, 101),[1] and that costs of property inspections and preservation actions, as well as Broker Price Opinions, amount to $1,563.60 and $90.00, respectively (id. at 85-88, 91-92 96-98, 101-02, 104).
"The daily interest is calculated with the following formula: daily interest rate = (outstanding principal * interest rate per annum) / 365 days." Happy Homes, LLC v. Jenerette-Snead , No. 15-CV-01788 (MKB) (RML), 2016 WL 6599826, at *5 n.11 (E.D.N.Y. Nov. 7, 2016). Here, the outstanding principal is $279,837.53, and the interest rate per annum is 4.50%. The execution of the abovementioned formula results in a per diem interest rate of $34.50, which is also the same daily interest rate used by Plaintiff. (See Dkt. 23-1 at 114). The raw application of this per diem interest rate to the number of days between January 1, 2016, and February 2, 2016-which turns out to be 399 days during a leap year-results in a total accrued interest value of $13,765.50. However, since Plaintiff has only requested $13,676.57, that is the number that the Court approves for purposes of this motion; indeed, that is the value found within Plaintiff's computer records. (Id. ).
Therefore, the Court finds that Plaintiff has established its entitlement to $306,328.78 in damages under the Note.
B. Recoverable Costs
Plaintiff also seeks to recover the costs associated with commencing and pursuing this action. (Dkt. 23-2 at 5-6). As noted above, the Note and the Mortgage expressly contemplate the recovery of certain litigation costs. (Dkt. 23-1 at 14, 42-43). Specifically, Plaintiff seeks to recover the $400.00 court-filing fee paid in commencing this action, $275.00 paid in undertaking title searches, $190.00 paid in serving the summons and complaint, $35.50 paid for filing the notice of pendency in the Monroe County Clerk's Office, and $20.00 paid for postal costs. (Id. ; see Dkt. 23-1 at 146). "Plaintiffs seeking to recover costs must submit bills or receipts for claimed expenses." James v. Nat'l R.R. Passenger Corp. , No. 1:02-CV-03915-RJH, 2005 WL 6182322, at *20 (S.D.N.Y. Mar. 28, 2005). "[C]ourt filing fees are recoverable litigation costs." 1st Bridge LLC , 2010 WL 4608326, at *6.
"Although no supporting documentation of the government's costs is attached, the filing fees incurred in connection with this case are readily verifiable," and thus, Plaintiff may recover the $400.00 court-filing fee and the $35.50 notice of pendency filing fee. United States v. Simmons , No. 13-CV-00789(S)(M), 2015 WL 12591683, at *5 (W.D.N.Y. Jan. 16, 2015). Plaintiff provides invoices that demonstrate that Plaintiff *706 expended $275.00 on title searches, $190.00 on service of process costs, and $20.00 on postal fees. (Dkt. 23-1 at 148-50). Accordingly, Plaintiff is entitled to reimbursement of those costs as well. See Cit Bank v. Dambra , No. 14 Civ. 3951 (SLT) (VMS), 2015 WL 7422348, at *9 (E.D.N.Y. Sept. 25, 2015) ("[The p]laintiff also claimed $488.13 for title searches and $470.00 in process server fees, which are recoverable costs."), report and recommendation adopted , No. 14 CV 3951 (SLT) (VMS), 2015 WL 7430006 (E.D.N.Y. Nov. 20, 2015) ; Raghunath , 2015 WL 5772272, at *7 ("[The p]laintiffs' request for court filing fees, clerk's fees, title search fees and service fees are adequately documented and are recoverable litigation costs.").
Therefore, the Court finds that Plaintiff is also entitled to $920.50 in costs.
II. Judgment of Foreclosure and Sale
"In the usual course, once a plaintiff mortgagee in a foreclosure action has established a prima facie case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." OneWest Bank, N.A. v. Bianchini , No. CV 14-3234 (DRH) (GRB), 2016 WL 1039491, at *2 (E.D.N.Y. Feb. 22, 2016) (quotation marks omitted), report and recommendation adopted , 2016 WL 1045533 (E.D.N.Y. Mar. 15, 2016). Since Plaintiff has submitted the Note and the Mortgage, has been granted a default judgment in this action, and has established its default damages with reasonable certainty, "Plaintiff established its presumptive entitlement to collect the overdue amount, to the extent possible through a foreclosure and sale of the [Property.]" Robinson , 2016 WL 3365091, at *11 (quotation marks and citation omitted).
Plaintiff also requests that the Court appoint a referee to facilitate the sale of the Property. (Dkt. 23-2 at 7). Plaintiff has submitted the names of three proposed referees for the Court's consideration. (Dkt. 23-1 at ¶ 11). "Courts in this Circuit have permitted such appointments where the plaintiff 'established a prima facie case by presenting a note, a mortgage, and proof of default.' " Dambra , 2015 WL 7422348, at *7 (quoting E. Sav. Bank, FSB v. Evancie , No. 13-CV-00878 (ADS) (WDW), 2014 WL 1515643, at *4 (E.D.N.Y. Apr. 18, 2014) ; see, e.g., Onewest Bank, N.A. v. Cole , No. 14-CV-03078 (FB) (RER), 2015 WL 4429014, at *5 (E.D.N.Y. July 17, 2015). In determining that Plaintiff has sufficiently established its prima facie case, the Court further concludes that the appointment of a referee is appropriate in this case. Accordingly, the Court appoints Timothy Edward Ingersoll, Esq., of Fero & Ingersoll, LLP, as referee to conduct the sale of the Property.
CONCLUSION
For the foregoing reasons, Plaintiff's motion for judgment of foreclosure and sale (Dkt. 23) is granted, which will issue under separate cover in a form substantially similar to the proposed judgment submitted by Plaintiff. The Court grants Plaintiff the following damages, which it is entitled to recover to the extent possible through a foreclosure and sale of the Property:
(1) $279,837.53 representing the outstanding principal balance due on the Note; plus
(2) $13,676.57 in unpaid interest accrued on the outstanding principal between January 1, 2016, and February 2, 2017; plus
(3) Continuing per diem interest on the outstanding principal balance at a rate of $34.50 per day from February 2, 2017, until judgment is entered; and *707 (4) $920.50 in costs
SO ORDERED.

The Court notes that the advances for hazard insurance appear to cost $917.87. (Dkt. 23-1 at 101). However, since Plaintiff has requested $913.27, the Court will apply this number in calculating Plaintiff's damages.